Conrado MARTINEZ–ARELLANO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71449.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.[*]

Filed Aug. 1, 2006.

Conrado Martinez–Arellano, Perris, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Luis E. Perez, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Conrado Martinez–Arellano, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") order denying his motion to reopen removal proceedings held in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000). We grant in part and dismiss in part the petition for review.

The IJ abused her discretion in denying the motion to reopen because Martinez–Arellano's evidence from the University of California medical center that he suffered fevers and vomiting on the day of the hearing demonstrated an "exceptional circumstance" beyond his control. *See* 8 U.S.C. § 1229a(e)(1).

We lack jurisdiction to review Petitioner's contention that he was denied due process due to ineffective assistance of counsel because he failed to raise this contention before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (explaining that exhaustion is jurisdictional); *Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000) (holding that petitioner must exhaust administrative remedies by first presenting ineffective assistance of counsel claim to the agency).

** This disposition is not appropriate for publication and may not be cited to or by the

PETITION FOR REVIEW GRANTED in part, DISMISSED in part; REMANDED.